# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### LAKE CHARLES DIVISION

| | |
|---|---|
| **NICOLE EDWARDS** | **CIVIL ACTION** |
| *Versus* | **NUMBER:** |
| **CITY OF LAKE CHARLES, CHIEF** | **SECTION:** |
| **OF POLICE SHAWN CALDWELL,** | |
| **CORPORAL BENDY FALCON,** | **MAGISTRATE:** |
| **OFFICER DAKOTA BACCIGALOPI,** | |
| **OFFICER JACOB PEARSON,  OFFICER** | **JUDGE:** |
| **JOSHUA EWING, AND K9 BOBBY** | |
| | **JURY TRIAL DEMANDED** |

## COMPLAINT FOR DAMAGES FOR 42 U.S.C. § 1983 CIVIL RIGHTS VIOLATIONS AND STATE LAW VIOLATIONS

**Plaintiff, Nicole Edwards**, by her attorney, Glenn C. McGovern, complaining of

Defendants, alleges:

1.

This is a civil action seeking damages against Defendants for committing acts, under

color of law, which deprived Plaintiff of rights secured under the Constitution and laws of the

United States; for conspiring for the purpose of impeding and hindering the due course of justice,

with intent to deprive Plaintiff equal protection of laws; and for refusing or neglecting to prevent

such deprivations and denials to Plaintiff. The Court has jurisdiction of this action under 42

U.S.C. § 1983, 28 U.S.C. § 1343, La. R.S. 14:36, and La. R.S. 14:34.1.  Plaintiff also brings La.

state law claims  brings claims for assault and battery and under La. Civil Code Article  C.C.

2315.

This Court also has jurisdiction under 28 U.S.C. § 1331 and § 1334.

2.

Plaintiff, Nicole Edwards, is a citizen and resident of the City of New Orleans, State of Louisiana, and the United States of America.

3.

Defendant City of Lake Charles is a Municipal Corporation, organized under the laws of the State of Louisiana.at all times relevant to this Complaint.

4.

Defendant Shawn Caldwell was Chief of the Lake Charles Police Department for the City of Lake Charles at all times relevant to this Complaint.

5.

Defendants Dakota Baccigalopi, Joshua Ewing, and Jacob Pearson were police officers employed by the Lake Charles Police Department.

6.

K9 Bobby is a defective, ill-trained police dog trained to carry out police duties and handled by Officer Jacob Pearson of the Lake Charles Police Department. The Lake Charles Police Department, as owner of K9 Bobby, is strictly liable for the dog bite injuries sustained by Plaintiff due to both the dog handler's and dog's improper training and other defects as will be shown at trial.

7.

Plaintiff sues each and all Defendants, save for the City of Lake Charles, in both their individual and official capacities.

8.

At all times material to this Complaint, Defendants Falcon, Ewing, Baccigalopi, Pearson, and Bobby acted under color of the statutes, customs, ordinances, and usage of the State of Louisiana, the City of Lake Charles, and the Lake Charles Police Department.

## COUNT I

### 9.

On or about May 3, 2019, at approximately 5:00 a.m, Plaintiff, Nicole Edwards, her brother, Tyrone Edwards, and her fiancée, Glenn Lemon, were on a road trip from New Orleans to Texas in a vehicle rented by Glenn Lemon when they stopped for gas at Chevron Gas Station at 1825 Interstate 10 in Lake Charles, Louisiana 70601.

### 10.

Defendant Corporal Falcon, with Defendants Baccigalopi, Pearson, and Ewing entered the premises of the gas station allegedly due to citizen calls which stated that a male, fitting the description of Glenn Lemon, was seemingly on narcotics.

### 11.

Defendant Officers detain Nicole Edwards, Tyrone Edwards, and Glenn Lemon at the Chevron Gas Station where they are instructed to get out of the car and are questioned. Nicole Edwards, Tyrone Edwards, and Glenn Lemon are compliant at all times during the stop. Defendant Corporal Falcon places Tyrone Edwards under arrest based on an outstanding warrant and Glenn Lemon is placed in the back of another police vehicle. Nicole Edwards is not arrested at any point. Instead, Defendant Officer Ewing is standing with Nicole Edwards at the hood of the rented vehicle.

### 12.

Defendant Corporal Falcon searches the rented vehicle and finds evidence of marijuana, a bottle of alcohol, and a handgun in the back seat of the vehicle where Nicole Edward's brother, Tyrone Edwards, told the officers he had been laying prior to stopping for gas. Defendant Officer Ewing walks over to Defendant Corporal Falcon and the two begin talking for some time. When they look up, Nicole Edwards has left the scene. Nicole Edwards was not in handcuffs nor placed in a police vehicle and was instead left standing in the gas station parking lot. Defendant Corporal Falcon suggests to Defendant Officer Ewing that perhaps Nicole Edwards had gone inside the convenience store but they are unable to locate her.

13.

Defendant Corporal Falcon suggests that Defendant Officer Pearson go looking for Nicole Edwards because he has a theory that she might have contraband in her purse. He does not give any reason for why he has this theory or for the reasons which he has probable cause to search her purse.

14.

Defendant Officer Pearson begins searching for Nicole Edwards in his police vehicle and then on foot, asking other civilians if they have seen anyone fitting her description. Defendant Officer Pearson does not verbally call out for Nicole Edwards and instead quietly searches for her with a small flashlight in hand. Without success, Defendant Officer Pearson retrieves his K9 dog Bobby from the back of his police vehicle and begins using the dog K9 Bobby to search for Nicole Edwards who was found lying down in the grass in the adjacent lot.

15.

Body cam footage shows the dog catch Nicole Edwards' trail, then shows the dog immediately rush to where Nicole is sitting on the ground, unarmed. Without receiving an order

to attack, the dog quickly and forcefully latches onto Nicole Edward's leg and rips into her flesh over and over again. Defendant Officer Pearson gives multiple commands in another language, presumably ordering the dog to release. When this fails, Defendant Officer Pearson begins **striking the dog numerous times**, hitting and kicking it on the head and side, to persuade it to release Nicole Edwards from its jaws. All the while, the body cam footage shows Nicole Edwards being torn apart by this K9 officer that **will not follow the commands of its handler**, Defendant Officer Pearson. Nicole Edwards' leg is visibly ripped apart and is bleeding profusely, as shown in the footage. (See Exhibit.P-1 body cam video of the dog bite and dog refusal to release when ordered multiple times attached hereto and made a part hereof.)

16.

Throughout the entire dog attack, Nicole Edwards, had no weapon, does not resist,  does not fight back and is totally compliant with Defendant Officer Pearson, and Defendant Officers Ewing and Baccigalopi, who have since arrived on scene. **While the K9 is still disobeying commands and is visibly shredding Nicole Edwards' leg while she shrieks in pain, Defendant Officer Pearson forces Nicole Edwards onto her stomach and places her in handcuffs.**  The dog is still biting Nicole Edwards who is not resisting yet no attempt to stop the dog is made by the Defendant Officers. The K9 is physically underneath Nicole Edwards at this point as the K9 refuses to let go.  The dog is seen in the bodycam Exhibit P-1, biting Nicole Edwards thigh, tearing it apart, even after she is handcuffed for several minutes. Nicole Edwards shrieks out, **"get him off!"** to which Defendant Officer Ewing replies, **"he's doing what he can".** The Defendant Officer Pearson has lost control of the dog K-9 Bobby and the dog refuses to obey his command "los" and does not release. The Officer Jacob Pearson gave the dog the wrong command and failed to control the dog. The Officer Jacob Pearson then is shown hitting

the dog on the head in an attempt to release the dog's bite on Plaintiff.  The Officers are shown laughing about this excessive force and discussing how bad the dog tore up the Plaintiff.  The Defendant officers acted with malice to use summary punishment on Plaintiff which shocks the conscious.

17.

Defendant Officer Pearson continues to strike the dog after Nicole Edwards is placed in handcuffs in an attempt to persuade the dog to release Nicole Edwards. **Long after Nicole Edwards is determined to be unarmed and is placed in handcuffs face first in the dirt, the K9 officer is permitted to continue to shred into her flesh and will not stop at the commands of its handler, Defendant Officer Pearson**. Defendant Officer Pearson grabs the K9 by its throat and collar and attempts to pull and yank the dog off of Nicole Edwards while the dog was still latched onto Nicole Edwards, but the K9's grip was too strong and the pulling increased her injuries. The body cam footage shows Defendant Officer Pearson's arm muscles shaking as he tries to yank the dog off of Nicole Edwards but he is unsuccessful.

18.

Eventually, the K9 releases its grip of Nicole Edwards of its own accord. Certainly, the K9 police dog Bobby did not release its grip of Nicole Edwards due to any action taken by its handler, Defendant Officer Pearson, or the actions of the other two officers on scene, Defendant Officers Ewing and Baccigalopi, or else this event would have ended much sooner and with much less injury. Nicole Edwards is seen lying face down in the dirt, her clothing shredded, with no shoes on, and with chunks of her leg visibly missing. Here injuries required on scene and hospital surgical medical treatments for the dog bite, bleeding which required a tourniquet at the scene and drug treatments for infection from the dog bite and dog saliva.

19.

After the dog lets go of Nicole Edwards mutilated leg, Defendant Officer Pearson advises Defendant Officer Ewing to read Nicole Edwards her *Miranda* rights. Defendant Officer Baccigalopi can be seen smiling back at Defendant Officer Pearson while standing over Nicole Edwards as she lay bleeding on the ground.

20.

Defendant Officer Pearson then walks away with the dog to look for Nicole's purse, which was not on her person, stopping on a few occasions to pat the dogs head and say **"good boy"** and **"you found her".**

21.

Nicole Edwards was unarmed and had no contraband on her person.  Defendants filed false cover charges including resisting an officer, marijuana possession less than 14 grams 1st offense and drug paraphenalia which were nolle prossed by the District Attorney.

22.

When Defendant Officer Ewing returns to Defendant Corporal Falcon, Defendant Corporal Falcon asks, **"Is it really that bad?".** Defendant Officer Ewing replies, with eyes wide, **"yeah, it's that bad."** Defendant Officer Ewing says that, **"She ain't getting released [from the hospital] anytime soon."** Additionally, Defendant Officer Pearson tells Defendant Corporal Falcon that Pearson's dog **"tore her sh\*t up"** and **"beelined right for her"** and **"f\*ck dogs…after seeing what that dog did."**

23.

Nicole Edwards suffered severe injuries due to the Defendant Officers' use of excessive force. The muscles on her left thigh are "completely adhered" which means that her left leg is

riddled with scar tissue which connects tissues that should not normally be connected and restricts her movement. Nicole Edwards will be permanently disfigured, mentally scarred, suffered keen pain  and is  disabled as a result of Defendant Officer Pearson's malicious out of control K9 attack.

24.

As a result of this excessive force and battery by the Defendants, the Plaintiff, Nicole Edwards, suffered physical injuries to her legs and arms, permanent scarring and embarrassment, humiliation, physical and mental anguish, and medical expenses.

25.

As a result of the Defendants' actions, Plaintiff Nicole Edwards suffered severe injuries which prevented her from working at her profession as a hairdresser from the date of the accident to present.

26.

As a result of the injuries caused by Defendants', Nicole Edwards has had to undergo two surgeries, numerous doctors' visits, and will require plastic surgery in the near future and have permanent scarring.

27.

As a result of their concerted unlawful and malicious physical abuse of Plaintiff Nicole Edwards, Defendants Corporal Falcon, Officer Pearson, Officer Ewing, and Officer Baccigalopi intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprived Plaintiff of her right to equal protection of the laws and impeded the due course of justice , in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States and 42 U.S.C. § 1983.

28.

Plaintiff, Nicole Edwards, was the victim of summary punishment at the hands of

Defendant Officers. The punishment deprived her of her rights to due process of the law under

the laws and Constitution of the United States, in particular the Fourth, Fifth, Eighth, and

Fourteenth Amendments. Specifically, Plaintiff was the victim of excessive force by Defendants,

and brings this lawsuit pursuant to the Federal Civil Rights Statute.

29.

WHEREFORE, Plaintiff demands judgment against all Defendants, jointly and severally,

for compensatory damages and further demands judgment against each of said Defendants (save

for the City), jointly and severally, for punitive damages, plus costs of this action and any other

relief as the Court deems just and equitable.

**COUNT II**

30.

Plaintiff realleges paragraphs 1-31 and hereby incorporates them as though fully set forth

herein.

31.

At all times relevant to this Complaint, Defendants Falcon, Pearson, Ewing, and

Baccigalopi, as police officers of the Lake Charles Police Department, were acting under the

direction and control of Defendants Chief of Police Shawn Caldwell and Defendant City of Lake

Charles.

32.

Acting under color of law and pursuant to official policy or custom, Defendants Shawn

Caldwell and Defendant City of Shreveport knowingly, recklessly, or with deliberate

indifference and callous disregard of Plaintiff's rights, failed to instruct, supervise, control, and discipline on a continuing basis Defendant police officers in their duties to refrain from: (1) unlawfully and maliciously exerting excessive and unreasonable force upon a citizen who posed no physical threat of harm and who was acting in accordance with her constitutional and statutory rights, privileges, and immunities, (2) unlawfully and maliciously exerting excessive and unreasonable force upon a citizen before, during, or after the making of an arrest, whether the arrest was lawful or unlawful, (3) conspiring to violate the rights, privileges, and immunities guaranteed to Plaintiff by the Constitution and laws of the United States and the laws of the State of Louisiana, and (4) otherwise depriving Plaintiff of her constitutional and statutory rights, privileges, and immunities.

33.

Defendants Chief of Police Shawn Caldwell and City of Lake Charles had knowledge or, had they diligently exercised their duties to instruct, supervise, control, and discipline on a continuing basis, should have had knowledge that the wrongs conspired to be done, as heretofore alleged, were about to be committed. Defendants Caldwell and City of Lake Charles had power to prevent or aid in preventing the commission of said wrongs, could have done so by reasonable diligence, and knowingly, recklessly, or with deliberate indifference and callous disregard of Plaintiff's rights failed or refused to do so.

34.

Defendants Chief of Police Shawn Caldwell and City of Lake Charles directly or indirectly, under color of law, approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of Defendant police officers heretofore described.

Defendant Chief of Police Shawn Caldwell of the  City of Lake Charles, in his official capacity, is directly liable and responsible for the acts of his officers, Chief of Police Shawn Caldwell, Corporal Bendy Falcon, Officer Jacob Pearson, Officer Joshua Ewing, and Officer Dakota Baccigalopi, under the theory of *respondeat superior*.

35.

As a direct and proximate cause of the acts of Defendants Caldwell and City of Lake Charles, as set forth in paragraphs 33-36 above, Plaintiff suffered physical injury, loss of income, medical expenses, and severe mental anguish in connection with the deprivation of her constitutional and statutory rights guaranteed by the Fourth, Fifth, Eighth, and Fourteenth Amendments of the Constitution of the United States and protected by 42 U.S.C. § 1983.

36.

WHEREFORE, Plaintiff demands judgment against Defendants Caldwell and City of Lake Charles, jointly and severally, for compensatory damages and further demands judgment against each of said Defendants (save for the City), jointly and severally, for punitive damages, plus the costs of this action and such other relief as the Court deems just and equitable.

COUNT 3

39.

The allegations in paragraphs 1-38 are repeated and realledged as fully set forth herein.

40.

The Defendant City of Lake Charles and the Lake Charles Police Department was the owner  and had the care, custody and control of the police dog K9 Bobby.

41.

The Defendant City of Lake Charles and the Lake Charles Police Department are strictly liable under La. C.C. Article 2315 and also La. C.C. 2321 as they knew the animal's behavior would cause Plaintiff damage, the damage could have been prevented by the exercise of reasonable care and they failed to exercise such reasonable care.

42.

Defendants are liable for the assault and battery on Plaintiff under Louisiana State Law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Nicole Edwards, prays that the Defendants be duly cited and served with a copy of the foregoing Complaint and be made to answer the same after due proceedings, there be judgment in her favor against the defendants, Sheriff Tony Mancuso, in his official capacity, Chief of Police Shawn Caldwell, Corporal Bendy Falcon, Officer Jacob Pearson, Officer Joshua Ewing, Officer Dakota Baccigalopi, and K9 Bobby, jointly, severally, and insolido as follows:

1) Actual damages;

2) Past and Future mental anguish

3) Past and Future Physical Pain and Suffering

4) Humiliation

5) Loss of Chosen Profession

6) Punitive damages against all defendants except the municipality City of Lake Charles;

7) Reasonable attorney's fees and costs of these proceedings;

8) That  judicial interest be awarded;

9) That this Court exercise its Supplemental Jurisdiction; and

        10) All other relief that this Court deems just and equitable.

The Plaintiff further requests trial by jury.


                              Respectfully Submitted,


                            _____

                            Glenn C. McGovern (LA Bar No. 9321)
                            2901 Division Street, Suite 201
                            Metairie, LA 70002
                            Phone: (504)456-3610
                            Facsimile: (504)456-3611
                            E-mail: Glenn@glennmcgovern.com


                            *Attorney for Plaintiff*


**PLEASE SERVE:**


Chief of Police Shawn Caldwell
Lake Charles Police Department
830 Enterprise Blvd.
Lake Chalres, LA 70601

Corporal Bendy Falcon
Lake Charles Police Department
830 Enterprise Blvd.
Lake Chalres, LA 70601


Officer Jacob Pearson
Lake Charles Police Department
830 Enterprise Blvd.
Lake Chalres, LA 70601


Officer Joshua Ewing
Lake Charles Police Department
830 Enterprise Blvd.

Lake Chalres, LA 70601


Officer Dakota Baccigalopi
Lake Charles Police Department
830 Enterprise Blvd.
Lake Chalres, LA 70601


Officer K9 Bobby
Lake Charles Police Department
830 Enterprise Blvd.
Lake Chalres, LA 70601