UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| NICOLE EDWARDS | CIVIL ACTION NO. 2:19-cv-01150 |
| VERSUS | JUDGE JAMES D. CAIN, JR. |
| CITY OF LAKE CHARLES, ET AL | MAGISTRATE JUDGE: KATHLEEN KAY |

**UNOPPOSED MOTION FOR PROTECTIVE ORDER**

Now come, NICOLE EDWARDS, Plaintiff herein, appearing through her attorney, GLENN C. MCGOVERN, and CITY OF LAKE CHARLES, CHIEF OF POLICE SHAWN CALDWELL, CORPORAL BENDY FALCON, OFFICER DAKOTA BACCIGALOPI, OFFICER JACOB PEARSON, Defendants herein, appearing through their attorney, CHRISTOPHER E. JOHN, who submit the following Consent Judgment setting forth an agreement for Protective Order between the parties, who hereinafter respectfully set forth:

1.

The written policies of the Lake Charles Police Department (LCPD) concerning use of force (A-19) and canine unit operations (O-19) contain information of a sensitive nature, including specific police responses under certain circumstances, so the written policies should be shielded from disclosure to third parties to the maximum extent possible in order to promote and maintain officer safety.

2.

The City of Lake Charles, LCPD and its officers seek to limit dissemination of the sensitive materials, but understand that counsel need access to the written policies to adequately prosecute or defend the above-captioned civil lawsuit, but wish to do so in a way that will not compromise officer safety.

3.

In accordance with the foregoing, the parties hereto stipulate and agree to the following:

1. The City of Lake Charles shall provide copies, without redactions, of LCPD's policies on use of force (A-19) and canine unit operations (O-19), or any additional LCPD policies produced in the future that, with production to plaintiff's counsel, shall become subject to the same restrictions detailed in this protective order (*LCPD policies*), with the agreement by plaintiff's counsel that review of, and use of, these policies shall be limited only to attorneys or expert witnesses involved in the above-captioned civil lawsuit and shall not be disseminated to anyone outside the scope of the above-captioned civil lawsuit.

2. This limitation would not prohibit plaintiff counsel from comparing LCPD policies and/or addressing substantive changes, if any, to the written policy either before or after the specific policy in effect at the time of the occurrence.

3. The agreement would allow counsel in the above-captioned civil lawsuit to use LCPD policies without redactions in any discovery depositions, as an exhibit in a motion submitted to the court or at trial, subject to the limitation that follows.

4. In the event that counsel for any party uses any written LCPD policies as an exhibit in a motion submitted to the court or at trial, that exhibit shall be offered under seal to prevent dissemination to anyone outside the scope of the above-captioned civil lawsuit.

WHEREFORE, Movers respectfully request that a protective order issue herein in accordance with the foregoing.

Respectfully submitted,

/s/ Christopher E. John
CHRISTOPHER E. JOHN (#18271)
ASSISTANT CITY ATTORNEY
326 Pujo Street, 2nd Floor
Post Office Box 900
Lake Charles, LA 70602-0900
(337) 491-1523 – Telephone
(337) 491-1488 – Facsimile
cjohn@cityoflc.us – Email


/s/ Glenn C. McGovern
Glenn C. McGovern (#9321)
P.O. Box 516 (70004-0516)
Metairie, LA 70002
(504) 456-3610 - Telephone
(504) 456-3611 - Facsimile
Glenn@glennmcgovern.com - Email


## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of September, 2020, a copy of the foregoing *Protective Order* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel of record by operation of the court's electronic filing system.

/s/ Christopher E. John
CHRISTOPHER E. JOHN
La. Bar Roll No. 18271